## CALEB H. CRAMER v. WATER COMMISSIONERS OF NEW BRUNSWICK

The board of water commissioners of New Brunswick had legislative authority to employ necessary assistants, officers and agents, and under this power employed the plaintiff as general superintendent for a term of years at a fixed salary; being discharged before the end of his term, he brought this suit for an installment of his salary. *Held*, that he did not hold a public office and that he could not be so discharged, and that his actions were well brought.

On contract.   On rule to show cause.

Argued at November Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Abraham V. Schenck.*

For the defendant, *Robert Adrain.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   By the act approved March 27th, 1873, the mayor and common council of New Brunswick were authorized to purchase the property and franchises of the New Brunswick Water Company.   By section 2 of this enactment it is provided " that the said water works shall be conducted and managed by a board of commissioners to be appointed by the common council, who shall hold their office for three years, one-third of them to be appointed yearly ; that all the authority, powers and duties relative thereto now exercised or performed, or that hereafter may be exercised or performed, by the said company, shall be exercised and performed by the said commissioners (except as thereinafter provided) ; and, in pursuance of this authority, the said commissioners may appoint and employ all proper assistants, officers, agents and clerks necessary or convenient for the purposes aforesaid, at such compensation as they may deem reasonable, and shall take from their treasurer and such other officers and agents as they may appoint such bonds and sureties for the faithful performance of their duties as they may deem proper."

By virtue of the authority thus conferred the board of commissioners, on the 8th day of February, 1892, entered into an agreement under seal with the plaintiff, whereby it agreed, in consideration that he would discharge all the work and services incumbent upon and to be performed and discharged by him as general superintendent of the water works of the said city of New Brunswick, under the direction of the board of commissioners thereof, from the day of the date thereof for

and during the full period and term of five years, to pay to the plaintiff the yearly sum of $2,500 in equal monthly payments. There was also a covenant on the part of the plaintiff that he would not engage in any business incompatible with the discharge of the functions thus stipulated to be performed.

At the trial of the case, it was shown that on the 12th of June, 1893, at a meeting of the board of water commissioners, a resolution was adopted declaring the " position of superintendent of the New Brunswick water department, occupied by C. H. Cramer," to be vacant. On the same occasion, another person was appointed to fill the post from which the plaintiff was thus expelled.

Upon being informed of this action of the board the plaintiff notified it that the contract would be insisted on, and tendered himself ready to perform his side of it. He has now brought this suit for a monthly installment of his salary. The jury, under the instruction of the trial judge, found in his favor, and the present motion is to set aside that verdict.

It is insisted on the part of the defence that the contract sought to be enforced in this action is illegal, on the ground that the defendant had not the competency to enter into it; and, in the second place, if this first position be untenable, that the office held by the plaintiff was a public one, and that, consequently, his tenure of it could at any time be avoided at the will of the defendant.

The argument in support of the negation of the power of the defendant to bind itself by the contract in question, was that the term of the contract was made to outlast the official term of the body of commissioners. But the force of this contention is not apparent. The agreement is made with the corporation that is subject to no change, although the persons managing its affairs be inconstant. The statute in no degree limits the period for which the commissioners " may appoint and employ " all proper assistants, officers, agents and clerks. The duration of the employments thus authorized, not having been prescribed by the legislature, it inevitably follows that it has been left to the honest judgment of the commissioners.

The contract on this ground is not assailable.

Nor has the second objection more potency.

The plaintiff neither was nor is the incumbent of a public office.   He is an employe of this corporate body and nothing more.   Public offices are in general, if not always, directly created by the legislature itself, the municipal authorities selecting the persons to perform these functions.   The position held by the plaintiff is the creature of the board of commissioners; it is entirely unknown to the statute.   But for the contract in question, the commissioners could, at any moment, have abolished the position of superintendent of the works; a power wholly inconsistent with the theory that the office is a public one.   Nor is there anything in the nature of the employment itself that calls for the presence of a public functionary; every one of its duties can be discharged by a private agent.

The result is that the court finds no indication in the terms of the statute, nor in the character of the power conferred, of a legislative intent to authorize the defendant to create a public office, the consequence being that the plaintiff is to be regarded as a private employe.   With such an agent, the defendant was competent to contract, and cannot avoid any of its obligations thus assumed.   Speaking of the compensation of municipal officers, Judge Dillon, in his work on *Municipal Corporations*, section 171, says: " But where the services to be performed are professional or private, rather than public or official, an employment under an ordinance for a fixed time, at a fixed sum for the period, has been held to be a contract and not subject to be impaired by the corporation."   For this doctrine is cited the case of *Chase* v. *Lowell*, 7 *Gray* 33, which, in all its essential facts, is identical with the case in hand.

Let the rule be discharged.