THE STATE, MICHAEL HORAN, PROSECUTOR, v. THE BOARD OF EDUCATION OF THE CITY OF ORANGE.

H., an honorably-discharged Union soldier, was appointed by the board of education of Orange janitor of one of the schools of that city for a year. At the expiration of the year the board appointed Y. to the position. *Held,* that such action of the board was not a violation of

the act of March 14th, 1895 (*Gen. Stat.*, p. 3702), which forbids the removal of an honorably-discharged Union soldier, who holds a position under a city government of this state, except for cause and after hearing.

On *certiorari.*

Argued at November Term, 1895, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *Joseph A. Beecher.*

For the defendant, *Colie & Swayze.*

The opinion of the court was delivered by

GUMMERE, J.   On the 22d of June, 1892, Horan, the prosecutor, was appointed, by the board of education of Orange, janitor of school No. 1 for the school year next ensuing; on the 23d day of June, 1893, he was again appointed, by said board, janitor of said school for a period of one year from the 1st day of July then next; on the 26th day of June, 1894, he was reappointed, by said board, janitor of said school for the year ending July 1st, 1895, and was notified thereof by the secretary of the board.   This reappointment he accepted in a written communication to the secretary, which read as follows : " Please report to the board my acceptance of the appointment pursuant to your notification."

On May 22d, 1895, the board passed a resolution appointing one James A. Young janitor of school No. 1, for a period of one year from the 1st day of July then next, and it is this resolution which the prosecutor seeks to have set aside by the proceedings in this case.   He is an honorably-discharged Union soldier, who served in the war of the rebellion, and he attacks the validity of this resolution because its effect was, as he claims, to remove him from his position as janitor of school No. 1 without cause and without a hearing, in violation of the provisions of "An act regarding honorably-dis-

charged Union soldiers, sailors and marines," approved March 14th, 1895. *Pamph. L., p.* 317; *Gen. Stat., p.* 3702.

That act declares that no person now holding or who may hereafter hold a position or office under the government of this state, or the government of any city or county of this state, whose term of office is not fixed by law, who is an honorably-discharged Union soldier, sailor or marine, shall be removed from such position or office except for good cause shown; and that, before he shall be dismissed from such office or position, charges shall be preferred against him, a copy of which shall be served upon him and a time set for the hearing of the same.

I am unable to see how the resolution brought up by the *certiorari* in this case violates in any way the provisions of this act. Admitting it to be true, as contended on behalf of the prosecutor, that he held a position under the government of the city of Orange, whose term was not fixed by law, it can avail him nothing unless he can show that he was *removed* from such position without a hearing and without cause, and this he has signally failed to do. Instead, he has made it appear affirmatively that, by virtue of a contract between himself and the defendant, he assumed the performance of the duties of janitor of school No. 1 for a period of one year from July 1st, 1894, to July 1st, 1895, and became entitled to the emoluments of that position for the same period. His contract being for a definite time, his right to occupy the position of janitor ceased when the time fixed by the contract expired, and the position became vacant. The board of education, by the resolution under consideration, did not remove the prosecutor from the position which he was holding; they merely filled a position which had become vacant, and by doing so they did not in any way violate the provisions of the act of 1895. That act has no application to this case.

The writ should be dismissed, with costs.