THE STATE, GEORGE BEIRNE, PROSECUTOR, v. THE BOARD OF STREET AND WATER COMMISSIONERS OF JERSEY CITY.

The dismissal of an honorably-discharged Union soldier from a position under the government of a city of this state is not in contravention of the provisions of the "Act regarding honorably-discharged Union soldiers and sailors," approved March 14th, 1895, when such dismissal results from the discontinuance of old methods in the administration of public affairs and the adoption of new ones in their place, provided such changes in administration are substantial and are not mere pretexts for the removal of employes.

On *certiorari.*

Argued at November Term, 1896, before Justices DEPUE MAGIE and GUMMERE.

For the prosecutor, *Joseph A. McCreery.*

For the defendant, *Jarvis N. Atkinson* and *Spencer Weart.*

The opinion of the court was delivered by

GUMMERE, J. The prosecutor was appointed by the defendant in August, 1892, as one of its firemen at its Belleville pumping-station. At the time of his appointment the

whole of the water-supply of Jersey City was taken from the Passaic river, the intake being located at Belleville, where the defendant's pumping-station was erected. In August, 1895, the defendant entered into a contract with the East Jersey Water Company by the terms of which Jersey City was to obtain a certain portion of its water-supply by gravity. The delivery of the water by gravity was commenced about the 1st of April, 1896, and on the 20th day of that month the defendant reduced its working force at the Belleville pumping-station by discharging fourteen of its employes, the prosecutor being one of them. This reduction in the number of its employes was made by the defendant solely because, after a portion of the city's water-supply began to be furnished by gravity, the quantity of water required to be pumped from the Passaic river was materially diminished, and, consequently, the services of so large a force of employes was no longer required at the pumping-station.

The prosecutor, who claims to be an honorably-discharged Union soldier, holding a position under the city government of Jersey City, seeks by this proceeding to have set aside the resolution of the board of street and water commissioners discharging him, on the ground that he was removed without cause and without charges having been first preferred against him and a hearing afforded him thereon, his contention being that this action on the part of the board was in contravention of the "Act in regard to honorably-discharged Union soldiers and sailors," passed March 14th, 1895. *Gen. Stat., p.* 3702.

We do not think that the statute which the prosecutor invokes has the effect which he claims. Although it was intended to guard Union veterans against removal from the public service without just cause and to prevent them from being affected by political changes in the state and municipal governments, this statute was never intended to interfere with the carrying into effect those changes in the administration of public affairs which result from the discontinuance of old methods and the adoption of new ones in their places. Such changes frequently result in the reduction of the working

force of the department in which they are made, but if they are substantial and not mere pretexts for the removal of employes, they are not in violation of the provisions of the series of statutes which are commonly known as the " veteran acts." Those acts were passed rather to aid than to obstruct the public service. *Newark* v. *Lyon,* 24 *Vroom* 632.

The construction sought to be put upon this statute by the prosecutor would make impossible any change in the administration of either state or municipal affairs which necessitated the discontinuance of the employment of a Union veteran, no matter how much the public interests would be benefited by such change. It was never contemplated that the protection which by this act is given to honorably-discharged Union soldiers and sailors should be at the expense of the public interests, and a construction which would produce that result should not be given to it.

The writ should be dismissed, with costs.