## THE STATE v. LEWIS H. BROOME.

An architect employed by commissioners for the construction of a public building, to supervise the erection of the building, does not thereby become the incumbent of *an office*.

On motion to quash indictment.

Argued at June Term, 1897, before Justices DIXON, LUD-LOW and COLLINS.

For the state, *Charles H. Winfield*, prosecutor of the pleas.

For the defendant, *James B. Vredenburgh*.

The opinion of the court was delivered by

DIXON, J. The defendant was indicted in the Hudson County Oyer and Terminer for misdemeanor in office, and, the indictment having been removed into this court, he now moves to quash it.

" The state claims," to quote from the brief of the learned prosecutor of the pleas, " that the defendant was at the time the holder of an office, and that he was guilty of misconduct in that office. If the facts do not constitute this offence, then no offence was committed by him."

The office which the indictment avers he held was that of " architect to supervise the erection of a new city hall in Jersey City," and the misdemeanor charged is the giving of a false certificate as to the materials used in the building.

The only ground for the state's contention that this constituted a misdemeanor in office is, that by the act of April 15th, 1887 (*Pamph. L., p.* 168), the commissioners for the construction of a city hall were expressly empowered " to have plans and specifications prepared " for the erection of the building, that they accordingly chose the defendant as the architect to supervise the erection, and that as such it was his official duty to give true certificates.

The defendant's motion to quash is based upon the claim that he did not hold an office.

We think the defendant's position lacked the essentials of an office, and was merely that of a contractor. In order to ascertain the nature of his duties, their duration, and his compensation, recourse must be had, not to any law, nor to any regulation adopted by authority of law, but only to his contract with the commissioners. In such circumstances an office does not exist. *United States* v. *Germaine,* 99 *U. S.* 508; *Lewis* v. *Jersey City,* 22 *Vroom* 240; *Town of Salem* v. *McClintock,* 46 *N. E. Rep. (Ind.)* 39; *Moses* v. *United States,* 17 *Sup. Ct. Rep.* (1896–1897) 682; *Cramer* v. *Water Commissioners of New Brunswick,* 28 *Vroom* 478.

The indictment should be quashed.