EDWARD H. UFFERT, RELATOR, v. ANDREW G. VOGT.

Argued June 6, 1900—Decided October 5, 1900.

1. "An act relating to the office of receivers of taxes and treasurers in cities of this state," passed March 31st, 1897 (*Pamph. L., p.* 142), violates that provision of the state constitution (*Art. IV.,* § 7, *pl.* 11) which prohibits the passing of local and special laws regulating the internal affairs of towns and counties.
2. The appointment to a municipal office for a definite term, and the acceptance of such office, do not create a contract between the appointee and the municipality. *Hardy* v. *Orange,* 32 *Vroom* 620, distinguished.

On *quo warranto.* Demurrer to information.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the relator, *Thomas N. McCarter, Jr.*

For the respondent, *Coult & Howell.*

The opinion of the court was delivered by

GUMMERE, J. These proceedings are brought for the purpose of determining whether the relator or the respondent is entitled to hold the office of receiver of taxes of the city of Newark.

By the charter of that city it was provided that this office should be filled by the common council, and that the receiver, when appointed, should continue to hold his office until it should be declared vacant, or until another person should be appointed to succeed him, and should enter upon his duties. The charter further provided that, before entering upon the duties of his office, the receiver should take and subscribe the oath of office prescribed by that instrument, and should give bond to the city for the faithful performance of his duties in such sum and with such sureties as the common council might approve. Vogt, the respondent, on the 21st day of May,

1897, was appointed, under this charter provision, for a term undefined in extent.

On March 31st of that year the legislature had passed an act providing that "in any city of this state, where the office of receiver of taxes and treasurer are, by law or charter, held for an indefinite term, it shall be lawful for the board of aldermen or common council to fix by ordinance a definite term, not exceeding five years, for such offices, and when so fixed, the appointees shall hold offices until the expiration of the terms so fixed." *Pamph. L.* 1897, *p.* 142.

In pursuance of this latter statutory provision the common council of Newark, on the 6th day of January, 1899, adopted an ordinance declaring that the receiver of taxes then holding office (the respondent), and every receiver of taxes who should be thereafter appointed, should hold office for the period of five years from the date of his or their appointment, respectively.

Under and by virtue of this ordinance the respondent continued in office until the 4th day of May, 1900, when the common council declared the office of receiver of taxes to be vacant, and appointed the relator to succeed him. The latter took the oath of office prescribed by the city charter and gave bond to the city for the faithful performance of his duties, which was approved by council as to amount and sureties. Notwithstanding the action of council of May 4th, 1900, and the qualification for the office by the relator, the respondent refuses to surrender it and continues his incumbency.

Whether he is entitled to do so or not depends upon whether the legislation of March 31st, 1897, violates the constitutional provision which prohibits the passing of private, local or special laws regulating the internal affairs of towns and counties. It is manifest that this law regulates the internal affairs of the cities to which it applies. Is it a special or a general law?

It is entirely settled that the constitutional provision referred to does not prohibit the legislature from passing laws regulating the internal affairs of only a selected portion of the cities of the state, provided that those selected are distin-

guished from those which are excluded from the operation of the law by characteristics to which the purpose of the law relates, sufficiently marked and important to constitute them a class by themselves; but, in making such selection, all cities, whose conditions and wants render the legislation necessary or appropriate, must be embraced in the class to make it general, and if any such are excluded the legislation is special.

Does the fact that the receiver of taxes and the treasurer, in those cities which alone are affected by this legislation, previously held their offices for an indefinite term, distinguish them at all, for the purpose of legislation, relating to the length of term of such offices, from the other cities of the state?

We think it clear that it does not. As was said by this court in *Tetrault* v. *Orange,* 26 *Vroom* 99, in discussing the question whether a statute which fixed the official term of city physicians at three years, but applied only to those cities in which the term of that office had not been previously fixed under authority of law, was general or special under the rules above recited, the mind seeks in vain for a rational ground of discrimination, connected with the objects of this statute, between those cities in which these offices are held during the pleasure of the appointing power, and those in which they are held for a term which is fixed by authority of law.

The act of 1897 is special and therefore void.

It is argued, on behalf of the respondent, that having been appointed on January 6th, 1899, for a definite term, and having accepted that appointment, he is entitled to hold his office until the expiration of that term irrespective of the act of 1897; the contention being that the appointment and acceptance constituted a contract between the city and the respondent which was binding upon both parties to it. This is said to be the law of this state as declared by the Court of Errors and Appeals in *Hardy* v. *Orange,* 32 *Vroom* 620.

An examination of the opinion in the case cited will disclose that its scope has been misapprehended by counsel. The conclusion there was that the appointment of Hardy to

the position of keeper of the reservoir at Orange for the period of a year, and his acceptance of that appointment, constituted a contract between him and the municipality. As holder of that position Hardy was not the incumbent of a public office, but a mere employe of the city; the services to be performed by him were not in anywise public or official, but purely of a private nature, and, for this reason, it was considered that his appointment and acceptance constituted a contract, the court following the doctrine laid down by the Supreme Court of Massachusetts in the case of *Chase* v. *Lowell, 7 Gray* 33, so far as it applied to the appointment of municipal agents whose duties were not public or official in their character.

But this doctrine has no application in the case of a person holding a public office as distinguished from a position in which the services to be performed are simply of a private nature. The appointment to a public office for a definite term, and the acceptance of such office, bears no analogy to a contract made between the government and an individual. In the latter the terms agreed upon define the rights and obligations of both parties, and neither may depart from them without the assent of the other. In the former both the rights and privileges as well as the duties of the appointee are prescribed by the government and not by agreement of the parties, and the government (in the absence of constitutional restriction), may at any time, and without the appointee's consent, abridge those rights and privileges or increase those duties, or change their character; or it may put an end to them before the expiration of the term, by abolishing the office. On the other hand, although the appointee may accept an office for a definite term, his acceptance does not bind him to serve out that term. He may resign, or otherwise determine his official relation, without incurring any liability to the government by so doing. So, too, if he be guilty of malfeasance or neglect of official duty, the remedy against him is not by civil suit for breach of contract, but by indictment or impeachment.

"Whether the officer be appointed immediately by the

government or through the agency of a municipal corporation is immaterial. The duties to be performed, not the mode of appointment, constitute the test of his being a public officer. Is he invested with any portion of political power, partaking in any degree in the administration of civil government, and performing duties which flow from sovereign authority? If so his office is a public office," and his relation to the government is, in no sense, a contractual one. *Hoboken* v. *Gear,* 3 *Dutcher* 265, 278.

The receiver of taxes in the city of Newark is a public officer, not a mere private employe of the city, and holds his office during the pleasure of the common council.

The relator is entitled to judgment.