## JOHN DOLAN v. THE CITY OF ORANGE.

Submitted June 18, 1903—Decided November 9, 1903.

1. A janitor of a city police station is a municipal employe, and not the holder of a public office.
2. The appointment to such a position in the city of Orange and its acceptance constitute a contract between the municipality and its employe, voidable by the former in accordance with section 8 of the city charter. Horan *v.* Orange and Hardy *v.* Orange distinguished.

On *certiorari*.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the prosecutor, *Leonard Kalisch.*

For the defendant, *Thomas A. Davis.*

The opinion of the court was delivered by

GARRISON, J. On January 27th, 1902, the common council of the city of Orange, by resolution, appointed the prosecutor janitor of the police station of the city for the term of three years from February 1st, 1902. A subsequent council, by resolution, declared the position to be vacant as of February 1st, 1903, and appointed another person from and after that date. The prosecutor asks that the last-mentioned resolutions be set aside, "because the appointment of the prosecutor by the common council of the city of Orange to the position of janitor of the police station for the term of three years, from February 1st, 1902, and his acceptance of said position, constituted a contract for the term of three years from February 1st, 1902, between the city of Orange and the prosecutor."

Under this reason for reversal the prosecutor's contention is that the position to which he was appointed, not partaking in any degree of political power or governmental authority, was a mere position as distinguished from an office, citing *Uffert* v. *Vogt,* 36 *Vroom* 377, and *Hardy* v. *Orange,* 32 *Id.* 620, from the latter of which he quotes the following: "The appointment for a specified time to a position in the public service whose term is not fixed by law, and the acceptance of such appointment, constitutes a contract between the municipality and its appointee, the terms of which are binding upon both of the parties to it." This is the prosecutor's case.

We agree with the prosecutor that his position was not an office, and that a contract respecting its term was not an *ultra vires* act on the part of the city council. The legal proposition that he has quoted is, however, subject to one controlling exception, viz., that the contract between the municipality and its appointee shall not run counter to any

provision of the statutory regulations respecting such munici-
pality. *Cramer* v. *New Brunswick,* 28 *Vroom* 478; *O'Rourke*
v. *Newark,* 37 *Id.* 109.

With respect to the position to which the prosecutor was
appointed the legislature has, as it seems to me, annexed a
condition that makes all contracts touching the term of
tenure of such positions voidable at the discretion of the
common council. The language to which this effect is given
is the italicized portion of section 8 of the revised charter of
the city of Orange (*Pamph. L.* 1869, *p.* 185), to wit:

"8. And be it enacted, That the common council shall,
at their discretion, and from time to time, appoint and re-
move a town clerk, a town counsel, a collector of taxes, an
auditor of accounts, a sealer of weights and measures, a
marshal, a chief engineer of the fire department, a pound-
keeper or keepers, an overseer of the poor, a street commis-
sioner, five commissioners of assessment, five commissioners
of the sinking fund and as many policemen, assistant engi-
neers, firemen and other officers and *agents* as they shall
think necessary for the governing of the town and the
*carrying into effect of the powers and duties imposed upon
them by this act;* and that every person so appointed shall
be a resident and legal voter of the town, and shall not be
a member of the common council, and continue in his office
*until the same shall be declared vacant* or until another per-
son shall be appointed to succeed him therein, and shall
enter upon his duties thereof."

Bearing in mind the distinction between a public office
and a mere position pointed out in Uffert *v.* Vogt, and the
test therein laid down, it is clear that this statute covers
both an office and a position as each was defined in that
opinion.

Among the places specifically enumerated in the section
quoted, some require that their incumbent be "invested with
political power" in order that they may "perform duties that
flow from sovereign authority," and others do not; hence
the propriety of the dual expression, "officers and agents,"

with which this enumeration terminates. In like manner, following such specific enumeration, two general groups of appointees are mentioned, one for "governing the town," the other for "carrying into effect the powers and duties imposed upon the common council by this act," *i. e.,* the city charter. No force at all can be given to this second clause without making it more inclusive than the first one—that is to say, it must apply to appointees other than those for "governing the town," which is precisely what is meant by the term "position," to wit, an employment in municipal service not calling for the exercise of governmental authority. Such employments, when not expressly provided for by the legislature, are treated as the necessary incidents of municipal existence and as springing by implication from its charter, and hence are properly classed among "the powers and duties" imposed upon common council by that statute.

The expression "to continue in office," used in the statute with respect to both classes of appointments indiscriminately, is not to·be taken as indicative of a legislative purpose to restrict the broader term contained in the enactment, the controlling question, as was said by Chief Justice Gummere, in the case of Uffert *v.* Vogt, being the nature of the duties to be performed, and not the name by which they were designated. Under this view of section 8 of the Orange charter, the contract between the city and the prosecutor, while not *ultra vires* the municipality, was voidable by it, although until so voided it possessed all of the attributes of a subsisting contract. This was the precise situation in those cases from which the prosecutor cited the authority for his legal position above quoted, viz., *Horan* v. *Orange, 29 Vroom 533,* and *Hardy* v. *Orange, 32 Id.* 620. These cases arose under what is known as the Veteran act, *i. e.,* they were cases in which the appointee for a fixed term claimed immunity from dismissal.under the provisions of a statute having that effect as to veteran soldiers. What was held in each case was that the act then in question conferred a personal privilege upon the person possessing the designated *status* which could be

waived by them, and that the acceptance of an appointment that was by its terms to end at a fixed period constituted such a waiver. Neither the power of the common council to dismiss such appointee during the stipulated term nor the construction of the city charter in the respect now under consideration were in anywise involved in these decisions. The contract referred to in these cases as operating as a waiver would have the effect thus ascribed to it, whether it was voidable or not, at the option of one of the contracting parties, but as this power was not drawn in question the cases cited have no authoritative bearing upon the present controversy.

The cases of *Ufferl* v. *Vogt,* 36 *Vroom* 377, 621; *Peal* v. *Newark,* 37 *Id.* 105, 265, and *O'Rourke* v. *Newark, Id.* 109, concern public officers, and hence are not now applicable.

My conclusion, therefore, is that the acceptance by the prosecutor of his position created a contract that was, under the revised charter of the city of Orange, voidable at the option of the common council, and that such option, having been exercised in accordance with the terms of that statute, the resolution brought up by this writ should be affirmed.