B. BROWNLEE McAVOY, PROSECUTOR, v. THE INHABI-
TANTS OF THE CITY OF TRENTON.

Submitted July 6, 1911—Decided July 21, 1911.

1.  A clerk of the street department is one of the subordinate officers
    whose appointment by the council is authorized by the charter
    of the city of Trenton, but his term of office is for one year unless
    sooner removed, and an appointment for three years is beyond
    the power of the council.
2.  Where such subordinate office is created by ordinance the incum-
    bent must be selected and appointed by the common council, and
    this is a duty which cannot be delegated to one of the city officials
    appointed by the council.
3.  A member of the common council duly elected, who, having quali-
    fied, is recognized as a member of council and acting as such, is
    at least a *de facto* officer, and an ordinance, of interest to the
    public, cannot be successfully assailed upon the ground that by
    reason of his non-residence in the ward he represents, his office
    has become vacant under the terms of the city charter, although
    his vote was essential.

On *certiorari* to review an ordinance of the city of Trenton
which abolishes a subordinate office held by the prosecutor.

Before Justices SWAYZE, BERGEN and MINTURN.

For the prosecutor, *Vroom, Dickinson & Scammell.*

For the defendant, *John H. Backes.*

The opinion of the court was delivered by

BERGEN, J. The prosecutor seeks, by this writ, to test the
validity of an ordinance of the city of Trenton which abolishes
a subordinate office now held by him, and he rests his right to
the relief sought upon the ground that he was appointed by the
street commissioner of Trenton "Clerk of the Street Depart-
ment" on January 1st, 1910, for the term of three years, and
his claim is that the common council has no right to abolish

such official position, or to deprive him of its benefits until the expiration of the term for which he was appointed, and he bases this upon an ordinance of the city of Trenton approved April 23d, 1908, which authorized and empowered the street commissioner to appoint two assistants "and one clerk, who shall perform such duties as may be required of him by the street commissioner, * * * and the terms of said offices shall run concurrently with the terms of the street commissioner." The evidence shows that William F. Burke was elected street commissioner in January, 1910, and that January 4th he appointed the prosecutor "as clerk of the street department."

The ordinance under review is a general one, establishing certain positions to be filled by the common council, and repealing all inconsistent ordinances, and as no such position as clerk of the street department is provided for, the ordinance, if valid, will terminate his appointment.

The first point urged by the prosecutor is that he has a contract with the city for three years, because he is not a public officer but an employe whose duties are only administrative, as he has none to perform other than those directed by the street commissioner. Assuming that the common council had the power to create the position and authorize the street commissioner to employ the prosecutor, the appointment was not to a public office, but in the nature of a contract of employment.

In *Cramer* v. *Water Commissioners of New Brunswick,* 28 *Vroom* 478, the court, in referring to a superintendent of the water department, appointed by the board of water commissioners under statutory authority, said: "He is an employe of the corporate body and nothing more. Public offices are, in general, if not always, directly created by the legislature itself, the municipal authorities selecting the persons to perform these functions. The position held by the plaintiff is the creature of the board of commissioners; it is entirely unknown to the statute, * * * nor is there anything in the nature of the employment itself that calls for the presence of a public functionary; every one of its duties can be discharged by a private agent."

An architect employed by the commissioners to build a city hall, to prepare plans for the hall, is not a public officer. *State v. Broome,* 32 *Vroom* 115.

A keeper of a reservoir is not invested with any position of political power, and is not a public officer. *Uffert* v. *Vogt,* 36 *Vroom* 377.

A janitor of a police station is not a public officer. *Dolan* v. *Orange,* 41 *Vroom* 106.

We, therefore, are of opinion that the prosecutor was not a person holding an office requiring the performance of a public function, and subject to the rule relating to public officers, and the next question to be considered is whether the power to appoint him to the position he now claims to hold can be delegated by the common council to the street commissioner.

The city charter empowers the common council to appoint certain officers, among them being, by the act of 1900, page 415, a city street commissioner, "and shall from time to time appoint such subordinate officers as the common council deem necessary for the ordering and governing of the city, and the execution of the powers and duties conferred and imposed." *Pamph. L.* 1874, *p.* 331, § 17.

Under this statute the common council had power to provide for a clerk of the city street commissioner, if it deemed such officer necessary, and by an ordinance passed April 23d, 1908, the street commissioner was empowered to appoint two assistants "and one clerk who shall perform such duties as may be required of him by the street commissioner." The term of office of the clerk was made to run concurrently with the term of the street commissioner, which, as fixed by statute, was three years. The prosecutor was appointed such clerk by the commissioner, and the defendant challenges his right to the office because, as it is insisted, he was not legally appointed to the office which he now claims to hold, which is the basis of his right to make this contest. That the defendant can raise this point without direct attack upon the ordinance under which the prosecutor was appointed seems to be settled in *Loper* v. *Millville,* 24 *Vroom* 362.

The position of the prosecutor in this proceeding is that he has a contract with the city which will be annulled if this ordinance is sustained, and therefore if he has no right to the position—that is, if he is not a subordinate officer, authorized by the charter, he is not qualified to contest the ordinance. The charter provides that the common council "shall by the votes of a majority of all of its members appoint" certain officers named, and "such subordinate officers" as it shall deem necessary. Under a like statute it was held, in *Volk* v. *Newark,* 18 *Vroom* 117, that an ordinance which deprives the council of the power to appoint and remove by a majority vote was void.

In *Gouldey* v. *Atlantic City,* 34 *Vroom* 537, the court said: "Nor can the council by ordinance or otherwise divest itself or its successors of the power and the corresponding duty to exercise the power in substantial accordance with the purpose of the law." To the same effect is *Cleary* v. *Trenton,* 21 *Id.* 331.

While the common council may delegate to its agent or a committee the power to contract for the purpose of carrying out an object decided upon, the power of appointment vested by law in the council cannot be delegated. So, in the present case, where the power to appoint subordinate officers is vested in the common council, it cannot delegate the selection of such officer to another officer, for no such power is given by law. It may delegate duties of a ministerial or administrative character, but not a duty which requires judgment and discretion, and where the common council was authorized to employ suitable architects, and other persons, to accomplish the object permitted, it was held that the employment of the persons named could not be delegated to another without express legislative authority. *State* v. *Paterson,* 5 *Vroom* 163, 168. The appointment of subordinate officers in Trenton is vested in the council, and the exercise of that power requires their united wisdom and experience, and where this is the case the common council cannot delegate that power to another. *Dill Mun. Corp.,* § 96. The provisions of the charter as to time and mode of election, the appointment, &c., must be strictly observed. *Id.,* § 207. Therefore, the city in this case having by

ordinance created the subordinate office, it could not delegate to the street commissioner the power to select the subordinate officer. That the term subordinate officer used in the charter applies to the office of the prosecutor as distinguished from employes who serve without official designation, and whose terms are not provided for or protected by ordinance it seems to us is indisputable.

The prosecutor being one of the subordinate officers authorized by the charter, his term of office is governed by it, and the council itself, much less its agent, could not appoint for a longer term than that fixed by the statute.

Section 17 of the charter provides that all the officers named, as well as such subordinate officers as the council may deem necessary, shall hold their several offices for one year, unless sooner removed, and while the act of 1900 (*Pamph. L., p.* 415) provides for additional officers and changes the term of certain officers named, it does not refer to the subordinate officers, and as to them the manner of appointment and terms of office remain unaltered, and therefore when the common council authorized the street commissioner to appoint a clerk and made his term concurrent with that of the street commissioner, which was three years, the common council had no authority to appoint for a longer period than one year, and then he was subject to removal within the year. The charter prevents one common council from fastening upon its successors for a term of years subordinate officers, whose services may become unnecessary; they are to be appointed, *when necessary,* for one year unless sooner removed, and this is a wise provision, and allows the common council an opportunity to exercise economy in municipal affairs whenever the subordinate officers become too numerous or salaries excessive.

The result we reach is that a clerk of the street department is one of the subordinate officers whose appointment by the council is authorized by the charter of the city of Trenton; that the term of office is one year unless sooner removed; that under a charter where a subordinate office is created by ordinance, the incumbent must be selected or appointed by the common council, and that this is a duty which cannot be dele-

gated to one of the city officials appointed by the council, and as the prosecutor was not appointed by the common council, but by an agent of the council and for a longer term than the statute permits, he was never legally appointed to the office he seeks to protect by this writ.

The prosecutor further urges that the ordinance under review is void because one of the members of the council, Mr. Wilson, who voted for the ordinance, and whose vote was essential to make a majority of all the members of the council, a charter requisite for the adoption of an ordinance, was a non-resident of the ward he was representing in council.

The charter provides, section 12, that whenever a vacancy shall occur in the office of member of the common council by, among other reasons, his ceasing to be an inhabitant of the ward for which he shall have been elected, the common council may appoint a special election to be held in the ward to "supply such vacancy." Considerable testimony was taken for the purpose of showing that Mr. Wilson was such non-resident, but it clearly appears that he was duly elected from the ward he claims to represent; that he is recognized as a member of the council, and has participated in all of its proceedings and business, and no action has been taken by the council to declare a vacancy or to order a special election to fill any such vacancy. Under these conditions we are of opinion that he was at least a *de facto* officer, and that the ordinance was "one of interest to all the people" of Trenton, as much so as the ordinance in *Oliver* v. *Jersey City*, 34 *Vroom* 96, which case controls the present on this point.

The prosecutor is not entitled to the relief sought, and therefore the writ will be dismissed, with costs.