SAMUEL RONCHETTI, PROSECUTOR, v. BOARD OF CHOSEN FREEHOLDERS OF CUMBERLAND COUNTY, RESPONDENT.

Argued January 20, 1943—Decided April 19, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *David L. Horuvitz* and *J. Peter Davidow*.

For the respondent, *Robert G. Howell*.

The opinion of the court was delivered by

CASE, J. The question is whether prosecutor, for the sole reason that he was an exempt fireman, was entitled to remain in the employ of the Board of Chosen Freeholders of the County of Cumberland as a road foreman. He had been originally employed by the Road Committee of the Board of Chosen Freeholders on February 26th, 1936, and he bases his claim upon that employment by that committee. He was dropped December 31st, 1941, the close of the fiscal, as well as the calendar, year. His claim is that the termination of his employment was a violation of *R. S.* 40:47-60 (enacted as chapter 212, *Pamph. L.* 1911) which provides that "no person now holding a position or office under * * * the government of any county * * * or who may hereafter be appointed to any such position, whose term of office is not now fixed by law, * * * who is an exempt fireman * * * shall be removed from his position or office except for good cause shown after a fair and impartial hearing * * *." There was no charges, and there was no hearing.

Ronchetti was one of eleven foremen. His superior was the county road supervisor, holder of a statutory office (*R. S.* 27:14-24). His contention is that he held a position under the county government and rests his claim to that status in part upon an alleged delegation by the Board of Chosen Freeholders to the Road Committee (consisting of five members of the board and being one of nineteen committees) of the power to create and fill positions. The reference is to the thirty-sixth rule of a set of rules adopted by the board on March 9th, 1938, and the pertinent portion is as follows: "They [viz., the Road Committee] shall have charge of all matters pertaining to the construction and repairs of the county roads. They shall define as may be desired or necessary the duties of the Supervisor of Roads. They shall make such other rules or regulations as shall make efficient the

care, supervision and control of all county roads subject to the approval of the board. * * *" We are shown no other authority, either by statute or by the governing body, empowering the Road Committee to create or fill the position of road foreman, with the status of employment without limitation of time.

On February 26th, 1936, the Road Committee, at a specially convened meeting, elected Ronchetti to be foreman and two other men to be assistant foremen in Landis Township. On December 29th, 1941, the Road Committee directed that Ronchetti be notified that his services would cease as of December 31st, 1941. The procedure by the board itself, in so far as concerned the employment and compensation to be paid to road supervisors, was that prior to January 1st of each year it received suggestions from the Road Committee and on the ensuing January 1st, adopted a schedule naming the supervisors to be employed during the ensuing year and fixing their compensation. That course was pursued on January 1st, 1938, and at the recurring of each year-end and year-beginning to and including January 1st, 1942. Prosecutor complains that that proof came from the lips of the clerk of the board rather than from the minutes of the board; but it came on cross-examination following a direct examination by prosecutor's attorney wherein related matters, over respondent's objection that the records should speak for themselves, were permitted to be told by the oral testimony of the witness. Whatever view be taken of the admissibility of that testimony, the burden of proving his case is on the prosecutor, and he has not persuaded us that he should prevail upon his proofs. We are shown no source of authority, adequate for the purpose, by which a transient committee, consisting of less than one quarter of the members of the board, could create for prosecutor the status which he assumes to hold. The rules upon which he relies were adopted after the date when he claims to have received and to have accepted the appointment upon which he rests his case. There was no resolution by the board either to create the employment, to appoint prosecutor to it or to remove him from it. We are convinced that it was the intention of the committee and that

it was not only the intention but the action of the board from year to year to create an employment for only a single fiscal year; and we believe that the prosecutor so understood it because in the affidavit which he submitted on his first application for this writ he declared, "I was employed by the Cumberland County Board of Freeholders, the governing body of the County of Cumberland and on an annual basis and on an annual salary." He now seeks, unconvincingly, to wipe out the plain significance of that statement. He has not persuaded us that he occupies the status which is prerequisite to the application of the statute, and the burden, as we have said, is upon him.

We remark upon only one other of the several defenses interposed by the respondent, and that is that the word "now" as used in the statute in the phrase "whose term is not now fixed by law" may not be disregarded and that whether the time as of which the statute speaks is April 24th, 1911, when the statute was originally enacted, or December 20th, 1937, when the law was re-enacted as a part of the Revision, our attention is called to no proof looking one way or the other as to whether the terms of the road supervisors in the County of Cumberland were fixed by law, bearing in mind the broad interpretation of "law" as given in *McGrath* v. *Bayonne,* 85 *N. J. L.* 188, and *Larkey* v. *Bayonne,* 123 *Id.* 134, namely, that the expression includes pertinent and authorized action by the governing body. The attorney for the prosecutor took the stand to testify in this respect; but he conceded that his examination of the records of the Board of Chosen Freeholders was limited to the rules adopted March 9th, 1938, a date subsequent to the creation of the employment. The prosecutor has not, in our finding, established that he held a position under the county government or that that position at the time of the enactment of the statute was for a term not fixed by law.

The writ will be dismissed, with costs.