[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 633 
This suit is instituted by the plaintiff pursuant to Rule
3:81 of the Rules Governing Civil Practice.
It is a civil action brought in lieu of a prerogative writ in which the plaintiff seeks judgment "reinstating him to the office of Building Inspector" of the defendant, Township of Woodbridge.
The necessary pleadings have been filed, the parties are at issue and thereafter the matter was submitted on an agreed state of facts.
It was further stipulated by the parties that the action should be tried without a jury.
The agreed state of facts discloses that the defendant Township on June 17, 1935 adopted a building code, which code (article 3, section 1) provides for the appointment of a building inspector whose appointment "shall continue during good behavior and satisfactory service. He shall not be removed from office except for cause after full opportunity has been given him to be heard on specific charges".
The plaintiff was appointed building inspector under the provisions of the aforementioned building code of the defendant Township, by resolution on June 17, 1935, effective July 1, 1935 at a salary of $2400. per year.
The pertinent part of the resolution being as follows:
"Whereas, by Section 1 of Article 3 of said ordinance the office of building inspector is created and to be appointed by the Township Committee for an indefinite period and during good behavior and satisfactory service;
"NOW, THEREFORE, BE IT RESOLVED by the Township Committee of the Township of Woodbridge that William A. Allgaier be and he is hereby appointed Building Inspector in accordance with the provisions of the ordinance entitled `AN ORDINANCE providing for fire limits, the construction and equipment of buildings and other structures and for other purposes' and said building inspector shall not be removed from *Page 634 
office during good behavior and satisfactory service and except for cause after full opportunity has been given him to be heard on specific charges, and be it further
"RESOLVED that the salary of the building inspector be fixed at $2400. per annum payable in semi-monthly installments and be it further
"RESOLVED that the said appointment shall be effective July 1st, 1935 ADOPTED: June 17, 1935"
Some time during the year 1937, the plaintiff was also appointed Director of the Real Estate Department and on January 1, 1943 was reappointed Director of the Real Estate Department for a further term of five years expiring on December 31, 1947.
The plaintiff continued to act as Building Inspector until December 31, 1947 when he was notified by the Chairman of the Administration Committee of the defendant Township that his service both as Building Inspector and as Real Estate Director of the Township of Woodbridge would terminate as of December 31, 1947 and that he would not be reappointed to either of said positions.
The plaintiff made application to the Civil Service Commission of this State for the purpose of securing his reinstatement to the position of Building Inspector and Real Estate Director of the Township of Woodbridge.
The agreed state of facts reveal that the Civil Service Commission refused to entertain such application with respect to the position of Building Inspector but did conduct a hearing on April 15, 1948 and thereafter issued an Order setting aside the action of the defendant Township in terminating the services of the plaintiff as Real Estate Director.
That the defendant Township has appealed this decision of the Civil Service Commission and the appeal is now pending, is of no significance in so far as this suit is concerned.
The defendant Township, did, at a meeting held on January 1, 1948, adopt a resolution terminating the service of the plaintiff as Building Inspector and appointed one Charles Mangione as Building Inspector for the term of one year. *Page 635 
It is admitted that no written statement of the charges for the plaintiff's removal as Building Inspector was ever furnished, nor was there a hearing accorded to the plaintiff.
It is further stipulated that the plaintiff is the holder of a Firemen's Certificate from the Fire Commissioners, District No. 1, Township of Woodbridge, which certificate is dated May 11, 1928.
On September 17, 1948 the plaintiff filed this suit against the Township of Woodbridge for reinstatement as Building Inspector of said Township of Woodbridge.
The defendant sets up several defenses, including the contention that the building code under which the plaintiff was appointed Building Inspector is ultra vires, illegal and void.
To determine the validity of the ordinance providing for the appointment of a Building Inspector as adopted by the defendant Township on June 17, 1935, it is necessary to examine the statutory authority under which it was enacted.
R.S. 40:145-12 contains the authority for the appointment of a Building Inspector by a Township Committee:
"In addition to the officers to be elected the township committee may appoint and employ a township attorney, a township engineer, a township building inspector, a township physician and a treasurer. All such officers except the township attorney, engineer and building inspector must be residents of the township".
R.S. 40:145-13 contains the limitations imposed upon the appointing authority:
"All appointive officers, except where otherwise provided, shall hold office until January first next following their appointment. Where a vacancy occurs in any appointive office, the township committee shall fill such vacancy for the unexpired portion of the term thereof.
"No officer shall hold over in his office after the expiration of the term for which he shall have been appointed."
By later amendments the statute did "otherwise provide" as regards the positions of Township Engineer, Attorney and Treasurer, and, fixed terms for these positions of periods up to four years. However, it is significant that these amendments *Page 636 
neither directly nor indirectly affected the provisions regarding the office of Building Inspector.
It is fundamental, and I am sure counsel agree, that the defendant municipal corporation has no inherent jurisdiction to make laws but is a government of innumerated powers acting by delegated authority of the legislature: Hart v. Teaneck,135 N.J.L. 174; New Jersey Good Humor Inc. v. Bradley Beach,124 N.J.L. 162.
The plaintiff's contention in brief is, that the phrase "except where otherwise provided" should be construed as an authorization to permit a municipality to appoint a Building Inspector for a period of a greater length of time than one year, or, for an indefinite term because of the existence of such provision in its local ordinance. The plaintiff also contends, "it is elementary that a Township may provide for tenure of office in any position if the statute does not expressly forbid the provision."
It is this Court's view that this contention is unsound; that the statute expressly forbids the appointment of a Building Inspector in municipalities of this class for a term of more than one year. To otherwise construe the phrase "except where otherwise provided" should be to permit municipal corporations of this class, who are necessarily creatures of limited and enumerated powers, to change and circumvent the provisions of the statute by local ordinance. Davaillon v. City of Elizabeth,121 N.J.L. 380; Browne v. Hagen, 91 N.J.L. 544; Atlantic CoachElectric Railway v. Public Utility Board, 92 N.J.L. 168.
As a second basis for his claim to the position of Building Inspector, the plaintiff relies on certain statutes conferring tenure upon those persons holding certificates as exempt firemen.
R.S. 40:47-60 does not give tenure to exempt firemen in offices, positions and employment whose terms are fixed by law.Ronchetti v. Board of Chosen Freeholders of Cumberland County,130 N.J.L. 65; Greenfield v. Passaic Valley SewerageCommission, 126 N.J.L. 171; McGrath v. Bayonne, 85 N.J.L. 188. *Page 637 
Finally, the plaintiff urges that the defense of ultra vires is not available to the defendant on the theory that the ordinance in question having served its purpose, the defendant cannot now attack it collaterally.
The answer to this in brief is to say, that we are not here dealing with an ordinance whose purposes have been accomplished nor one whose only defect was in mere failure to comply with some formal requirement of enactment. Rather we are here confronted with the ultra vires act of a municipal governing body where the municipality has exceeded its power and no doctrine of estoppel may apply. Meday v. Borough of Rutherford, 65 N.J.L. 645.
It is settled law that the illegality of an ordinance can be raised without a direct attack on the ordinance itself. McAvoyv. Inhabitants of the City of Trenton, 82 N.J.L. 101; Loperv. Mayor, etc. City of Millville, 53 N.J.L. 362.
Accordingly the relief sought by the plaintiff in this action must be denied.
R.S. 40:145-13 can be construed only in one manner, namely, that the innumerated officers are to hold their positions for the term specified in the Statute and not as provided in the local ordinance when the ordinance is in disagreement with the statute.
It must therefore follow that the defendant is entitled to judgment.
Having reached this conclusion it becomes unnecessary to further consider any of the other defenses raised by the defendant.
I therefore find in favor of the defendant and against the plaintiff a verdict of no cause of action. *Page 638