JOHN P. STOCKTON, ATTORNEY GENERAL, EX REL. JOSEPH M. SMITH, PLAINTIFF IN ERROR, v. THOMAS J. REGAN, DEFENDANT IN ERROR.

The term of office of a county collector elected under *Rev., p.* 130, § 19, is "fixed by law," within the meaning of the act entitled "An act in regard to honorably discharged Union soldiers and sailors holding public office or position," passed April 9th, 1889. *Pamph. L., p.* 231.

On error to the Supreme Court.

The question in this case was presented to the Supreme Court upon demurrer to the plea of the defendant in error to the information exhibited by the attorney general. The facts admitted by the pleadings are: That at the several annual stated meetings of the boards of chosen freeholders of the

county of Essex, holden on the second Wednesday of May in each of the years 1885, 1886, 1887, 1888 and 1889, the relator below, Joseph M. Smith, a freeholder and resident in the county named, was elected its county collector, and immediately after each election gave bond as the statute required; that during those years the county collector of said county received a salary, which is yet payable to the incumbent of the office; that the relator is an honorably discharged Union soldier, having served in the war of the rebellion; that at the annual meeting of the board of chosen freeholders of Essex county on the second Wednesday in May, 1890, the defendant in error, Thomas J. Regan, was elected county collector of that county in the place and stead of the relator, and immediately thereafter gave bond as the statute requires; that he has assumed the duties of the office to which he was thus elected, and that his election in the place of Smith was for political and partisan reasons, without hearing Smith or showing good cause therefor.

The Supreme Court overruled the demurrer and thereby, in effect, sustained the title of Regan to the office.

For the plaintiff in error, *John W. Taylor.*

For the defendant in error, *Frederic W. Stevens.*

The opinion of the court was delivered by

THE CHANCELLOR.     The validity of the claim of the relator below to the office in dispute, under the admitted facts, turns upon a question of statutory construction.     The act " in regard to honorably discharged Union soldiers and sailors holding public office or position," passed April 9th, 1889 (*Pamph. L., p.* 231), provides, among other things, that no such soldier or sailor who holds a public salaried office under the government of a county of this state, the term of which is not fixed by law, shall be removed therefrom except for good cause shown after hearing, but he shall hold his office during

good behavior and shall not be removed from it for political or partisan reasons.

It is insisted that the relator held such an office as that act contemplated; that it was an office under the government of Essex county and salaried, and that the term of its incumbent was not fixed by law.

The accuracy of the last statement in this insistment, that the term of a county collector is not fixed by law, is controverted. If the term is fixed by law, it is clear the relator cannot invoke the benefit of the act of 1879, for he does not hold such an office as that act contemplates. A single question, then, is presented for consideration, whether the term of the county collector of Essex county is fixed by law.

The statute under which both the relator and defendant were elected is the act to incorporate the chosen freeholders in the respective counties of the state, approved April 16th, 1846. In the nineteenth section of that law (*Rev.*, *p.* 130), it is enacted that the several boards of chosen freeholders shall " at their annual stated meetings elect some fit person * * * to the office of county collector," who shall give bond and shall " continue in office and exercise all the duties appertaining thereto until his successor shall be lawfully elected and shall have given bond."

The sixth section of the law (*Rev.*, *p.* 128) fixes the second Wednesday of May as the time when the annual stated meetings shall be held.

The contention upon the part of the relator is that this law contemplates a tenure of office *durante bene placito*, and not for a fixed term ; that the incumbent is to hold the office until the board of freeholders shall please to elect his successor and until that successor shall please to give bond according to the requirements of the statute.

To understand the meaning of the law in question it is proper that it shall be read in the light of previous enactments upon its subject matter.

Under the law of 1717 county collectors were appointed by "Act of assembly." *All. L., p.* 36.   Then, on July 31st,

1740 (*Nev. L., p.* 261), it was enacted "that all the free-holders elected and chosen by virtue of an act entitled 'An act for raising of money for building and repairing of gaols and court houses within each respective county of this Province,' or the major part of them, together with three justices of the peace, one being of the quorum, shall meet yearly and every year on the second Wednesday in May, at the Court House, in each respective county within this Province, and then and there choose and elect one collector," &c.

Twenty years later, by act passed December 5th, 1760 (*All. L., p.* 236), entitled "An act to empower the Justices and Freeholders of each county to adjourn and to remedy the neglect of choosing county collectors," it was provided "that in case the justices and freeholders of any county of this colony should hereafter neglect to choose a county collector then the county collector last chosen, or otherwise appointed according to law, shall be and continue county collector and do the duties of that station in said county so neglecting until another shall be legally chosen, as fully and amply to all intents, constructions and purposes, as if he had been again chosen on the second Wednesday in May."

The next legislation was the act entitled "An act to incorporate the Chosen Freeholders of the respective Counties of the State," which was passed February 13th, 1798. *Pat. L., p.* 268. Its nineteenth section is precisely similar to the law we are now called upon to construe, down to the provision for continuance in office if a successor be not elected, or, being elected, fail to give bond. On March 20th, 1845 (*Pamph. L., p.* 141), an act entitled "An act to continue county collectors in office until successors are elected," was approved. It provided that "all county collectors hereafter elected, and who shall give bond as required by law, shall continue in office and exercise all the rights and discharge all the duties appertaining thereto until their successors are lawfully elected; subject, however, to all laws in force applicable to or affecting their said office of county collectors."

Following this statute came the law now considered.

It is perceived that the act of 1740 required that a collector should be chosen on the second Wednesday in May each year, and that the act of 1760 made provisions against harm to the public, in case the duty of electing thus enjoined should be neglected, by extending the term of the incumbent upon the happening of such a contingency.   The act of 1798 conferred the power and duty of choosing a collector upon the free-holders alone, without intervention of justices of the peace, but fail to provide for the contingency or neglect of that duty.   The act of 1845 restored the provisions for such an emergency.   Then came the act of 1846, which we now con-strue, combining and condensing the acts of 1798 and 1845, and taking a step in advance and making provision against the failure of a collector elect to give bond as the law requires.

It is quite apparent from this review of the law that it was never the legislative purpose to make the term of the county collector *durante bene placito.*   It was the intention that the term should last a year and no longer, unless there should be some specified non-compliance with the requirements of the law.

In construing a statute which is a consolidation of two or more previous laws, the same meaning should be given to it that was accorded to the original statutes, unless a different legislative intent be plainly apparent.   *State* v. *Kingsland,* 3 *Zab.* 85 ; *In re Murphy, Id.* 180 ; *Ruckman* v. *Ransom,* 6 *Vroom* 565 ; *Pomeroy* v. *Mills,* 10 *Stew. Eq.* 578.

We do not in the law before us find indication of legisla-tive intention differing from that exhibited in the old law. On the contrary, the positive injunction of the statute that "at their annual meetings" the freeholders shall elect a fit person as collector, implies that such election shall be had at each meeting, from which it necessarily follows, as the meet-ings are to occur yearly, that the term of office is limited to the period of time between them, and is therefore fixed by law within the meaning of the act of April 9th, 1889.

The judgment of the Supreme Court must be affirmed.

*For affirmance* — THE CHANCELLOR, DEPUE, REED, VAN SYCKEL, BOGERT, BROWN, CLEMENT, SMITH, WHIT-AKER.    9.

*For reversal*—None.