THE STATE, EX REL. ISAAC TOWNSEND, v. DENNIS H. BOUGHNER.

1. An office terminable only at the will of the appointing power is, within the provision of the act of 1889, one whose term is not fixed by law.
2. A Union soldier cannot be removed, at pleasure, from such an office.

Information in nature of *quo warranto*, stating that relator was appointed superintendent of buildings July 1st, 1881, and that he held the office without interruption until the 6th of June, 1892, when respondent entered, &c., claiming under an appointment of the common council, under date of May 6th, 1892.

To this information a demurrer was interposed by the defendant.

Argued at February Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the relator, *James E. Howell.*

For the demurrant, *William B. Guild.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The prosecutor, Isaac Townsend, who is an honorably discharged Union soldier, having served in the war of the rebellion, complains that he was removed from his office of superintendent of buildings in the city of Newark without due warrant of law.

It appears from the information that the relator was appointed to the office in question by the common council of the city of Newark, under section 21 of the city charter, which contains the following provision, viz.: "Every person who shall be appointed to any office under the provisions of this act, shall be a resident and elector of said city, and shall continue in office until the office for which he shall be appointed shall be declared vacant, or until another person shall be appointed to succeed him, and shall enter upon the duties of his office."

By the terms of this statutory regulation the class of officers here designated in general hold their stations at the will of the common council, and that body discharged, without crimination or a hearing, the relator from his post; and appointed the respondent as his successor.

That act is now challenged by this proceeding, on the ground that the relator, having been an honorably discharged Union soldier, is not subject to such supersession. This contention has its root in the act of April 9th, 1889 (*Pamph. L., p.* 231), which declares that no person holding, or hereafter holding, a public office or position, under the government of any city of this state, whose term of office is not fixed by law, and who receives a salary from the city or county, and who is an honorably discharged Union soldier or sailor, having served in the war of the rebellion, shall be removed from such office or position except for good cause shown after hearing, and that such person shall hold his office during good behavior, and shall not be removed for political or partisan reasons.

The only question which has been debated by counsel is whether the office involved in this case was for a fixed term or not.

On the part of the respondent it is insisted "that when a law clearly provides for the term of the continuance in office, as to when and how it shall terminate, that then the term of office is thereby fixed."

But it is obvious that, by this proposition, if it were adopted, the term of every office would be fixed, for it is believed that no office can be imagined with respect to whose term there is no regulation as "to when and how it shall terminate." The term of an office means the period of time for which the incumbent has a right to it, so that if such period of time be not fixed, the term is not fixed. In case of an office held during the pleasure of another, the official term—that is, the continuance of the incumbency—is uncertain and unfixed until the mandate of removal has been issued. And such is the common signification of the phrase in question. No lawyer would say that a tenant at will held for a fixed term, nor would a historian declare that, prior to the revolution, an English judge, being removable at the will of the king, was entitled to his judicial position for a term that was fixed.

And this construction of the phrase is not only according to common usage, but is the only one that will harmonize with the text with which it is connected. The provision declares that a discharged Union soldier holding an office, " whose term of office is not fixed by law," shall not be removed from such office, &c. It cannot be denied that, to make this regulation in any respect applicable, some office must be found whose term is not fixed, and from which the incumbent, but for this act, would be removable. The purpose of the law is to prohibit a removal, in the given case, from an office whose term is unfixed. But according to the argument in behalf of the respondent, the indicated juncture can never occur, for it proceeds on the theory that if a power to remove from the office exists, its term is thereby converted into a fixed one.

We think the statute in question protects the official tenure of the relator, and that, consequently, he is entitled to judgment on this record.