THE STATE, EX REL. JOHN W. STEWART, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON.

1. The post of deputy warden of the Hudson county almshouse is not an office, but is a position within the meaning of the Veteran act of March 14th, 1895. *Gen. Stat.*, p. 3702.

2. The position above mentioned is not one the term of which is fixed by law, except that, when held by an honorably-discharged Union soldier, sailor or marine, the statute of March 14th, 1895, fixes the term as lasting during good behavior.

3. The provision of said act, that the incumbents therein described shall hold their offices or positions during good behavior, cannot be thwarted by the appointing power by making the appointment for a specified period.

On application for *mandamus.*

Argued at June Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the relator, *John A. Dennin.*

For the respondent, *John Griffin.*

The opinion of the court was delivered by

DIXON, J.    The relator complains that, being deputy warden of the Hudson county almshouse, he was, on December 17th, 1896, dismissed from that place by resolution of the board of chosen freeholders, without good cause shown after a fair and impartial hearing, although he is an honorably-discharged Union soldier who served in the war of the rebellion; and he prays a *mandamus* directing the board to restore him.

His claim depends upon the act of March 14th, 1895 (*Gen. Stat., p. 3702*), which enacts that no honorably-discharged Union soldier, sailor or marine, having served in the war of the rebellion, who holds a position or office under the govern-

ment of this state, or of any city or county in the state, whose term of office is not fixed by law, and who receives a salary from such city, county or the state, shall be removed from such position or office, except for good cause shown after a fair and impartial hearing, but such soldier, sailor or marine shall hold his position or office during good behavior, and shall not be removed for political reasons.

It is admitted that the relator received a salary from the county, and the first question to be considered is whether his place was "a position or office" within the meaning of this statute.

We think it was not "an office," but was "a position."

"An office" is a place created, or at least recognized, by the law of the state, and to which certain permanent public duties are assigned either by the law itself or by regulations adopted under authority of law. *Bownes* v. *Meehan,* 16 *Vroom* 189; *Lewis* v. *Jersey City,* 22 *Id.* 240; *State* v. *Broome, ante p.* 115. So far as we have discovered, the relator's place does not possess these characteristics.

"A position," within the purview of this act, is defined to be a place, the duties of which are continuous and permanent, analogous to those of an office, and which pertain to the position as such. *Lewis* v. *Jersey City, ubi supra.* The place of deputy warden of the almshouse comes within this description. The duties of a deputy warden are indicated by the title of his position, and consist in rendering assistance to the warden in the discharge of his functions, and hence are continuous and permanent, as are those of his superior.

The next question is, was the term of his position "fixed by law?" The respondent insists that it was, on two grounds—first, the eighth section of the act of May 16th, 1894 (*Gen. Stat., p.* 422); second, the resolution of the board passed December 5th, 1895, by which the relator received his last appointment.

The act cited fixes the term of "offices" only, and for reasons just stated we think it does not apply to the position held by the relator.

We also think that the resolution mentioned goes beyond the authority of the board in its attempt to limit the relator's appointment to one year. The act of March 14th, 1895, defines the tenure by which all such positions are to be held, when the incumbents are persons of the character therein described, and the term is not otherwise fixed by the laws of the state. It not only forbids the removal of such persons except for good cause shown after a fair and impartial trial, and declares that political reasons shall not constitute good cause, but it affirmatively ordains that they shall hold their positions during good behavior, and so prevents the appointing power from setting any other bound to the duration of the incumbency. Thus every office or position under the government of the state or of any county or city, when occupied by one of these favored citizens, is held either for a term fixed by the law of the state or during the good behavior of the incumbent. This clause of the statute we regard as establishing a legislative policy which cannot be thwarted by the simple device of making appointments for a specified term. The various bodies and officers empowered to fill these places may fill them or not, as they choose, with honorably-discharged Union soldiers, sailors or marines; but if they do so fill them, they can exact from their appointees no stipulation which will defeat the legislative design—that the incumbency shall continue during good behavior. As well might they attempt to provide that the posts should become vacant when the political complexion of the appointing power should change.

In our judgment the relator's term was not fixed by law, except as the act of 1895 fixed it—during good behavior. *Adams* v. *Haines,* 19 *Vroom* 25; *Townsend* v. *Boughner,* 26 *Id.* 380.

The case of *Horan* v. *Orange,* 29 *Vroom* 533, is cited in opposition to this view. But the decision of that case appears to have rested on the idea that the relations between Horan and the board of education depended wholly on a special contract to which the act in question had no application, and no reference was made to the clause of the statute

defining the tenure of all positions within its scope.     We cannot extend it to the case in hand.

Finally, the relator's *status* as an honorably-discharged Union soldier who served in the war of the rebellion is questioned by the respondent.     But on this point we deem the proof satisfactory.     The formal discharge issued by the government of the United States at the time of mustering out is not essential as evidence to establish the fact of honorable discharge.

A peremptory *mandamus* should issue, commanding the board to restore the relator to his position as deputy warden of the county almshouse.