*34 Vroom.*          Bilderback v. Freeholders of Salem.

THE STATE, SMITH BILDERBACK, PROSECUTOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF SALEM AND THE TRUSTEES OF THE POOR OF THE COUNTY OF SALEM.

| 63 | 55 |
|----|----|
| d63 | 59 |
| 63 | 55 |
| 67 | 168 |
| 63 | 55 |
| 70 | 507 |
| 70 | 521 |

Submitted July 11, 1898—Decided February 27, 1899.

1. A trustee of the poor of the county of Salem holds an office the term of which is fixed by law within the meaning of the Veteran act of March 14th, 1895.
2. *Certiorari* is not the proper remedy to determine the title of an incumbent to the office which he holds.

On *certiorari.*

Before Justices LIPPINCOTT and GUMMERE.

For the prosecutor, *William T. Hilliard.*

For the defendants, *Henry Burt Ware* and *Howard Carrow.*

The opinion of the court was delivered by

GUMMERE, J.   The writ brings up a resolution of the board of freeholders of Salem county, passed at their annual meeting on May 11th, 1898, appointing one William J. Freas a trustee of the poor of the county of Salem in the place of the prosecutor.

The latter, who is an honorably-discharged Union soldier, seeks by this proceeding to have the resolution set aside because, as he claims, the term of office of the trustees of the poor of the county of Salem is not fixed by law, and the act of March 14th, 1895 (*Gen. Stat., p.* 3702), declares that no honorably-discharged Union soldier who holds a position or office under the government of any county in this state whose term of office is not fixed by law shall be removed except for good cause shown, after a fair and impartial hearing, but shall hold his position or office during good behavior.

The law authorizing the appointment of trustees of the poor of the county of Salem was passed April 10th, 1846, and is found in *Rev. Stat., p.* 893. Section 3 of the act provides " that the board of chosen freeholders of said county, at their annual meetings on the second Wednesday in May, shall appoint one reputable freeholder in each township of the said county as a trustee of the poor of the said county, and no more, which trustees and their successors are hereby constituted and continued a body politic and corporate as heretofore, in name, fact and law, to all intents and purposes forever, by the name of 'The Trustees of the Poor of the County of Salem,' and by that name shall continue to have perpetual succession, and by that name may sue and be sued, plead and be impleaded," &c.

It is apparent, from the recital of this provision of the statute, that the corporation created thereby was intended to be composed of a fixed number of members, viz., one from each township, and no more. This being so, and the board of freeholders being compelled to appoint a trustee from each township annually, it follows, by necessary implication, that the term of office of these trustees is fixed by law at one year, and that on the day of each annual meeting of the board of freeholders, the incumbency of the trustees who were appointed at the preceding annual meeting is terminated.

This is the construction put by the Court of Errors and Appeals upon a similar statutory provision in the case of *Smith* v. *Regan,* 25 *Vroom* 167.

The contention in that case was, that, by virtue of the nineteenth section of the act to incorporate the chosen freeholders in the respective counties of the state, the term of office of a county collector was *durante bene placito,* and not for a fixed term. That enactment required that the several boards of freeholders " shall, at their annual stated meetings, elect some fit person to the office of county collector, * * * who shall continue in office and exercise all the duties appertaining thereto until his successor shall be lawfully elected," &c. Chancellor McGill, in delivering the opinion of the court, says (at *p.* 171) " the positive injunction of the statute that " at

their annual meetings " the freeholders shall elect a fit person as collector, implies that such election shall be held at each meeting, from which it necessarily follows, as the meetings are to occur yearly, that the term of office is limited to the period of time between them, and is therefore *fixed by law.*"

But this *certiorari* should be dismissed, without regard to whether or not the term of office of trustee of the poor is fixed by law. An examination of the various provisions of the act of 1846 makes it apparent that these trustees are public officers and not merely employes of the county, and that this is so is admitted by counsel for the prosecutor in his brief. It appears in the case that prior to his suing out this *certiorari* the prosecutor was ousted from his office and Freas was installed as his successor. Obviously, therefore, the purpose of this writ is to test the right of the present incumbent to hold it, although he is not a party to the proceeding.

It was declared by this court, in the case of *Haines* v. *Freeholders of Camden*, 18 *Vroom* 454, and again in *Simon* v. *Hoboken*, 23 *Id.* 367, that *certiorari* is not the appropriate remedy for testing the legality of an incumbent's title to a public office; and that, where the appointee has entered upon the office, the only method by which to test his right to continue to occupy it is by an information against him in the nature of a *quo warranto.*

The writ of *certiorari* should be dismissed, with costs.