## ATTORNEY-GENERAL, EX REL. FERDINAND J. HOSP, v. SAMUEL C. MARTIN.

Submitted July 5, 1912—Decided November 11, 1912.

1. The bond prescribed by section 5 of the *Quo Warranto* act is not required to be given by a relator who institutes proceedings under the act until the information is filed.
2. The warden of the Essex county penitentiary holds an office, and not a "position," within the meaning of that word as used in our decisions upon the subject of municipal employment; and the proper proceeding to test the right of an incumbent to hold that office is by information in the nature of a *quo warranto*, and not by *certiorari.*

On *quo warranto.* Demurrer to information.

Before Gummere, Chief Justice, and Justices Garrison and Bergen.

For the relator, *Benjamin F. Jones.*

For the defendant, *Alonzo Church.*

The opinion of the court was delivered by

Gummere, Chief Justice. The information recites that on the 1st day of January, 1912, the board of chosen freeholders of the county of Essex duly appointed the relator, Hosp, to the office of warden of the Essex county penitentiary, in the place and stead of the defendant, Martin, whose term had by law expired; that Hosp has filed the bond prescribed by law, has qualified himself as warden of the penitentiary, and has notified Martin that he is the lawful and only warden thereof, and that he is entitled to be recognized as such; that he has endeavored to perform the duties of warden, and is still willing to perform them, but that the defendant has usurped, intruded into, and unlawfully held, used and exercised the office, and still continues to do so, to the exclusion of Hosp.

The defendant demurs to the information upon two grounds—*first*, "that the relator has not executed the bond to the defendant in the amount, and with the sureties and other conditions prescribed in the statute in such case made and provided," and *second*, "that the defendant is not holding or occupying an office, that he is not an officer, but an employe, and that in such case the remedy of the relator should be by writ of *certiorari*, and not by *quo warranto*." The bond referred to in the first ground of demurrer (as appears from the brief of defendant's counsel) is that required by section 5 of the *Quo Warranto* act. *Comp. Stat., p.* 4213. The statutory provision requires that "upon the filing of such information the relator shall execute a bond to the defendant in the penal sum of $200, with sufficient surety, with condition to prosecute said action with effect, and to pay costs to the defendant if he shall be entitled thereto." It is very plain, from a reading of this provision, that a recital of the giving of the bond can have no proper place in the information, the reason being that the bond is to be given upon the filing of the information, which can only be done when the information is completely prepared.

The contention contained in the second ground of demurrer, that the wardenship of the Essex county penitentiary is not an office, but a mere employment, was considered by me, sitting alone by consent of parties, in the case of *Hosp* v. *Civil Service Commission, ante p.* 10, a *certiorari* proceeding brought by Hosp to test the validity of a resolution of the civil service commission of the state placing in the classified service the position of warden of the Essex county penitentiary, and thereby making the term of the incumbent indeterminate in character, and entitling him to hold the position until removed for cause. I held in that case that by force of the act of March 22d, 1900 (*Pamph. L., p.* 168), entitled "An act to reorganize the government of counties of the first class in this state," the warden of the penitentiary of Essex county was a statutory officer, having a fixed statutory term, and that for this reason the action of the civil service commission which was the subject of consideration in that case was with-

out warrant of law. In so holding, I followed the decision of Mr. Justice Swayze in the case of Attorney-General *v.* McGuinness, which received the approval of the Court of Errors and Appeals on review in that court (49 *Vroom* 385), who there laid down the proposition that the Civil Service law did not apply to the case of statutory officers whose terms were established by law. I adhere to the view I therein expressed, and my brethren concur with me in it.

But even if the wardenship of the Essex county penitentiary had not been created an office by express statutory declaration, I should, nevertheless, consider it to be so under well-settled common law rules. In the case of *Fredericks* v. *Board of Health of West Hoboken,* 53 *Vroom* 200, an office is defined to be "a place in a governmental system created, or recognized, by the law of the state which, either directly or by delegated authority, assigns to the incumbent thereof the continuous performance of certain permanent public duties."

· That the wardenship of the Essex county penitentiary is a place created by the law of the state, or, at least, recognized by it, is apparent from a reading of the sixth section of the act of 1900, which requires the board of freeholders in counties of the first class "to appoint a warden of the penitentiary." That it is a place in the governmental system of the county carrying with it the continuous performance of certain permanent public duties, is made plain by a stipulation of facts submitted by counsel in this case, from which it appears that the warden has the control and management of the affairs of the penitentiary, subject to the directing and inspecting power of the committee on jail inspection of the board of freeholders, and to such rules and regulations as may from time to time be adopted by the board for the government thereof; that he is responsible for the manner in which the penitentiary is managed and conducted; that it is his duty daily to examine into the condition thereof, visit every department, and see every prisoner confined therein as often as good order and necessity may require; that he must exercise a general supervision and direction in regard to the discipline and police of

the prison, and to the business concerns thereof, and super-intend all the business and labor done in and upon the build-ings and land belonging to the institution; that it is his duty to keep the books of the penitentiary, and have entered therein the time of the wardens and employes, the quantity and price of all articles delivered for the use of the institution, with the names of the persons furnishing the same, exhibiting the state of the prisoners, the number received and discharged, their employment, with the names of the prisoners who have escaped or died, if any; also all moneys received, specifying wherefore, from whom and how disposed of, and if any articles are wasted or condemned, and by whom; that he must report monthly to the committee on jail inspection the matters above required, to be entered in his books; that he has power to suspend wardens or employes who neglect their duty, or con-duct themselves in a disorderly manner; that he is under a duty to see that the prisoners are treated with humanity, that the sick and complaining have proper attendance, and that they are supplied with such food and medicines as may be pre-scribed by the jail physician. It is not disputed that the board of freeholders of the county has full power and authority to impose the duties above recited upon the warden of the peni-tentiary, and that that power and authority is delegated to them by the state itself. The position of warden of the Essex county penitentiary, consequently, comes within the definition of an office laid down by this court in *Fredericks* v. *Board of Health, supra.*

The proceeding by *quo warranto* is, therefore, the proper one to determine whether Hosp, or Martin, is the lawful in-cumbent of this office, and the relator is entitled to judgment on the demurrer.