WILLIAM N. MOORE, PROSECUTOR, v. THE BOROUGH OF BRADLEY BEACH, THE MAYOR AND COUNCIL OF THE BOROUGH OF BRADLEY BEACH, AND CHARLES F. BUR-NEY, CLERK OF THE BOROUGH OF BRADLEY BEACH, DEFENDANTS.

Submitted March 18, 1915—Decided June 5, 1915.

1. A public officer in the possession of his office may maintain *certiorari* to remove from his way a proceeding which he apprehends may be used unlawfully to eject him or disturb him in the tenure of his office. *Bradshaw* v. *Camden,* 39 *N. J. L.* 416, followed and approved.
2. Under Tenure of Office act relating to the "police department" in boroughs (*Pamph. L.* 1913, *p.* 75), a borough marshal is protected from summary removal, irrespective of the passage of an ordinance formally organizing a "police department."

----

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *William N. Moore, in pro. per.*

For the defendants, *Benjamin B. Smith.*

The opinion of the court was delivered by

PARKER, J. The real question involved in this case is whether the prosecutor, having been duly appointed to the

office of marshal of the borough of Bradley Beach, is protected in the indefinite tenure of that office by the act hereafter referred to, or may be removed therefrom at the pleasure of the borough council.

The prosecutor has not been ousted from his office, so far as appears. There is no resolution or other action of the council declaring his removal. On January 1st, 1915, four others were appointed marshals; but there does not seem to be any statutory limit to the number. The Borough act says "one or more marshals." *Pamph. L.* 1897, *p.* 285, § 3; *Pamph. L.* 1908, *p.* 104; *Comp. Stat., p.* 229; *Pamph. L.* 1913, *p.* 345. It does appear, however, that on January 4th, the council passed a resolution "that a written demand be made upon former marshal William N. Moore for his badge, revolver, hand-cuffs, keys and all other borough property in his possession, same to be turned over to the borough immediately." Demand was made by the clerk accordingly and refused. If the prosecutor was rightfully in office, the resolution and demand constituted an interference with his rights that he was entitled to have removed by a court of law. The case is therefore not a controversy between an ousted official and a new incumbent, for which the only remedy would be *quo warranto.* On the contrary, the incumbent is endeavoring to remove from his way a proceeding which he apprehends may be used unlawfully (as he claims) to eject him. *Bradshaw* v. *Camden,* 39 *N. J. L.* 416. This decision was adversely criticised in *Roberson* v. *Bayonne,* 58 *Id.* 325, 329, but its propriety has been recognized and its ruling followed in a number of later cases, some of which are here cited for convenience. *Markley* v. *Cape May Point,* 55 *Id.* 104; *Bowlby* v. *Dover,* 68 *Id.* 97; *Bohan* v. *Weehawken,* 65 *Id.* 490; *DuFour* v. *State Superintendent,* 72 *Id.* 371 (at foot of page 374). The case of *Fitzgerald* v. *New Brunswick,* 47 *Id.* 479; 48 *Id.* 457, recognized *certiorari* as a proper remedy for the incumbents to test a resolution declaring their offices on the police force vacant and appointing others to fill them. In *Roberson* v. *Bayonne, supra,* it was intimated that this question was not dealt with in the opinion of the Court

of Errors and Appeals in the Fitzgerald case; but in *Lewis v. Newark,* 74 *Id.* 308, 313, it was pointed out that the question was elaborately discussed by counsel and necessarily determined by the decision vacating the resolution and the general language of the opinion. The rule laid down in the Bradshaw case, at least so far as it relates to *certiorari* by the actual incumbent in possession of a public office to set aside an unlawful proceeding interfering with his tenure of that office, may be considered as settled. The resolution in question, if prosecutor is lawfully in office, is undoubtedly of that character, and if complied with by prosecutor, would result in his removal from office for all practical purposes.

We are brought, therefore, to the inquiry whether prosecutor is immune to removal except on charges after a hearing. The act he invokes is chapter 43 of the laws of 1913 (*Pamph. L.,* p. 75), entitled "An act respecting police departments of boroughs and regulating the tenure and terms of office and officers and men employed in said departments." It seems to be conceded, and properly so, that if this act is applicable the prosecutor cannot be ejected from or disturbed in his office except under the conditions and in the manner pointed out therein. But it is said that the act is not applicable, because the words "police department" and "police force" used therein indicate an organization created by ordinance pursuant to section 28 of the Borough act (*Comp. Stat.,* p. 239), conferring power to pass ordinances, among other things, "to establish, equip and regulate a police department, to adopt rules for its government and fix and enforce penalties for the violation of said rules;" and also section 29 (*Comp. Stat., p.* 243), giving power to raise money "II. For the support of the police department." It is said that the scheme of the act is that the public peace and order may be maintained in two ways, *first,* by the appointment of marshals pursuant to sections 3 and 14 of the Borough act, or *second,* by organizing a police department by ordinance pursuant to section 28, and that only in the latter case does the act of 1913 apply; and that inasmuch as no such ordinance was ever passed, the prosecutor is not

protected by it, and held his office either for a fixed term of one year, which has expired, or at the pleasure of the council (section 3). We fail to see any substance in this argument. On the contrary, a reading of the act of 1913 will, as we think, demonstrate that it is *in pari materia* with a number of other acts intended to remove the policemen and firemen of municipalities from political interference and to confer a fixed tenure of office during good behavior and efficiency. Various acts of this character will be found in *Comp. Stat.*, p. 2462 *et seq. passim,* and there are many others. The act of 1913 uses the words "police department" and "police force" interchangeably. It mentions the police department in boroughs, not as something that may or may not exist, depending on whether or not it has been established by municipal action, but as something existing in every borough as inherent in its statutory organization. So that in every borough a police department, in the absence of any organizing ordinance, should consist of the mayor as the principal peace officer (section 10) and the marshals as the "policemen of the borough" (section 14). Otherwise there would seem to be no statutory provision for paying the marshals unless their pay could be charged to incidental expenses (section 29). But the position of prosecutor is stronger than this. The stipulated state of facts shows that Bradley Beach has a duly organized police committee, composed of three members of the borough council. This committee has a chairman and it supervises the work of the marshals of the borough, assigning them to their hours of duty, shifts, beats, &c. Subject to the general powers of the council, the committee has sole power in the management of the marshals of the borough. It is not stated whether this committee is organized by ordinance, but as it is conceded that it is "duly organized," we assume that such organization was by ordinance, no other method being pointed out in the act. Whatever method was pursued, it is plain that such committee, together with the marshals under its control, fully answers the language of the statute referring to a police department.

Holding, then, as we do, that prosecutor is protected by the act of 1913, it follows that the resolution calling for his badge, &c., was beyond the power of the council in a case where the requirements of said act have not been met, and it will therefore be set aside.

This case is submitted on briefs, but the brief for prosecutor is not signed by counsel and has therefore not been considered by us. In strictness we might refuse to consider the case at all, but as the resolution in question constitutes a disturbance of the prosecutor's occupancy of a public office, we have deemed it better in the public interest to treat the case as submitted by prosecutor *in propria persona.*