JOHN SIEBKE, PROSECUTOR, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF CHESTER, IN THE COUNTY OF BURLINGTON AND STATE OF NEW JERSEY, RESPONDENT.

Submitted October term, 1925—Decided March 5, 1926.

**Public Officers — Municipal — Tenure — Prosecutor Appointed Policeman for a Fixed Definite Time—Statute Authorizes Employment of Officers Temporarily and in Cases of Emergency—Writ Dismissed.**

On *certiorari.*

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Robert Peacock*.

For the respondent, *T. Harry Rowland*.

PER CURIAM.

The writ was issued in this case to test the validity of certain proceedings of the township committee of Chester township, in Burlington county, respecting the position of police officer held by the prosecutor.

The return to the writ shows that John Siebke was appointed a patrolman of the township of Chester on May 22d, 1924, "for the balance of the year 1924." On January 1st, 1925, Leroy Jackson was appointed patrolman for the year 1925. On February 4th, 1925, Siebke was notified by the township clerk to turn over his uniform and equipment to Leroy Jackson immediately; this by direction of the township committee. It is claimed on this state of facts that they constituted a removal from office, and that this was in violation of the Home Rule act of 1917, article 16, paragraph 3, which prohibits removal except for cause and upon notice of charges and trial.

Whether the notification constituted notice of termination of his employment or simply, as it says, notification to the prosecutor to turn over uniform and equipment to Leroy Jackson, is, we think, of no importance. He was appointed for a definite term, and this term expired with the year 1924.

By the provision of the quoted paragraph the appointing power is authorized to "employ officers or men temporarily in cases of emergency, or for parts of years in cases where their services are not needed throughout the entire year, and discharge them at the expiration of such temporary employment." Siebke was appointed definitely for part of the year 1924 only, and if he is correct in his construction of the notice, he was discharged at the end of the temporary employment. If he is wrong in the construction claimed, there is nothing in the record before use to rectify. There is nothing to show that the uniform and equipment are not the

property of the township or that the prosecutor has any interest in them.

The affidavits originally filed and the statements contained in the briefs other than those shown by the return cannot be considered in determining the rights of the parties. The former served their only purpose when the writ was allowed (*State* v. *Gardner,* 34 *N. J. L.* 329), and the sole office of the brief is to aid the court by argument and citation of authority.

The writ of *certiorari* will be dismissed.