BENJAMIN DRILL, PROSECUTOR, v. LEWIS G. BOWDEN ET AL., BOARD OF FREEHOLDERS OF ESSEX COUNTY AND CIVIL SERVICE COMMISSION OF NEW JERSEY, DEFENDANTS.

Argued January term, 1926—Decided March 18, 1926.

Officers—Prison Guards—Guard Absent From Duty—Result, Prisoners Escaped—Guard Discharged—Reason, Alleged Call of Nature—Guard's Position Not Unlike That of Sentry and Should Have Called Substitute—Prosecutor Also in Laches in That He Waited Nearly a Year Before Bringing Action.

On rule to show cause.

Before Justices PARKER, MINTURN and BLACK.

For the prosecutor, *Thomas L. Parsonnet.*

*Contra, Arthur T. Vanderbilt.*

PER CURIAM.

The writ removes action, judgment and proceedings of the county supervisor of Essex county, removing the prosecutor from his position as guard of the Essex county penitentiary for his misconduct and violation of the rules of the penitentiary in leaving his post, without permission, unguarded, whereby three prisoners escaped from that corridor during his absence. It is argued that the judgment or order of the supervisor, which was thereafter upon appeal sustained by the civil service commission, upon the same testimony, is not supported by the testimony taken. Our examination of the testimony leads us to the conclusion that the judgments of both the supervisor and the commission are amply supported by the facts in evidence. Assuming that the prosecutor left the corridor as he contends, with all his responsibilities behind him, to attend to a call of nature, upon another corridor, it is not clear why he did not take advantage of the convenience supplied upon his own corridor for that purpose. Nor is it at all manifest why he neglected to inform someone in authority of the danger his absence was thus creating, and that he intended to leave the post unguarded. A proper conception of his responsibility and trust, in that regard, would have warned him of the danger incident to his negligence. In any event, he should have maintained his post until properly relieved by a substitute guard. A person placed in a position of such responsibility occupies a status not unlike that of a sentry or guard in a military sense, charged with the duty of patrolling and protecting his post until relieved. His mental attitude of apparent indifference on this occasion is accentuated by the fact that his past record in the institution was not of a character to substantiate a plea of leniency by him or in his behalf.

For eleven months he has allowed the order and judgment of reviewing authorities to stand unchallenged. Since his dismissal another guard has necessarily been appointed, at an annual salary, in his place, who has since that period been

performing the duties of the prosecutor, during which time the prosecutor, apparently, in full acquiescence with the legal situation thereby created, has entered into business relationships which, apparently, satisfied his necessities, and rendered him indifferent to the loss of his official station. The situation thus created by his inaction, and apparent assent, is distinctly one of laches, and since the granting of the writ of review, which he now seeks, is entirely a discretionary act of this court, neither the law applicable to such a status nor the equities of the situation would seem to justify its issuance in this instance.

The rule to show cause will therefore be discharged.