FRANK M. SPRAGUE, RELATOR, v. BOROUGH OF SEASIDE PARK ET AL., RESPONDENTS.

Argued January 20, 1931—Decided February 24, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the relator, *Isaiah Mattack.*

For the respondents, *Walter Carson.*

PER CURIAM.

The relator, claiming to be a regular police officer of the respondent borough by a tenure indefinite in duration, asks for a *mandamus* to compel recognition of that tenure and particularly payment of his salary since January 1st, 1930, which has been withheld. For the borough the principal claim is that his last tenure was only for the year 1929, expiring with that year, and that he was not reappointed. As to this last there is no doubt; but relator claims that in 1929 he was appointed without limitation of term, and is entitled to serve during good behavior.

The facts are stipulated; and from the stipulation it appears that relator had served the borough for many years and had been appointed annually at the organization meeting in January. In June, 1921, he was appointed for an unexpired term until the end of that year. In 1923, 1924 and 1928 he was appointed for the current year; in 1922, 1925, 1926, 1927 and 1929 he was appointed without designation of any term. The minute of January, 1930, reads as follows: "The question of creating a police department was discussed,

and it was decided not to take action on same, but to continue the former method of appointing police officers, except that only one officer be appointed for the entire year and two additional officers to be appointed during the summer months, the time for which the additional officers are to be appointed to be decided later."

We fail to see any legal authority for the practice of the borough in making police appointments for a year or any other limited term. Apparently the one-year tenure provided in the Borough act of 1897 (*Pamph. L., p.* 286, § 3; amended *Pamph. L.* 1908, *p.* 104; *Comp. Stat., p.* 229) was continued notwithstanding the indefinite Tenure act of 1913 (*Pamph. L., p.* 75), considered by us in *Moore* v. *Bradley Beach,* 87 *N. J. L.* 391, in which we held a borough marshal immune from summary removal. If this act of 1913 had been still in force at the time of, say the unrestricted appointment of 1922, and particularly that of 1929, it would have resulted in an indefinite tenure for relator, on the authority of the Moore case. When the Municipalities act of 1917 (*Pamph. L., p.* 319, *et seq.*) was enacted, the act of 1913 was expressly repealed (at *p.* 673), but the Municipalities act took its place, and says at page 359 that "the officers and men employed in every municipal police department shall severally hold their respective offices * * * during good behavior," &c. We held further in the Moore case that the words "police department" were not restricted to a department created by ordinance; and this answers a point made for respondent.

Two other points are made: The first, that relator was appointed in 1929 as a "special policeman;" but we see nothing in the stipulated facts to indicate this. On January 5th, 1929, Frank M. Sprague and Peter Zisgen were appointed as "Police Officers" and confirmed as such. Secondly, that the office was abolished in the interest of economy in 1930. The minute of that year is quoted above. It says nothing about abolishing any office, but proceeding apparently on the assumption that the term of police officers appointed in 1929 had expired, undertakes to appoint one for the whole

year and two for the summer months. No office is abolished, and no intent to abolish is indicated.

We conclude that during 1930 the relator was a police officer of the borough, and as such, having tendered service, he is entitled to his pay and to recognition of his status. No point is made as to whether the proper remedy has been pursued, and we have not considered that question.

A peremptory writ will be awarded, with costs, but to preserve a right of review the record may at the option of respondent be moulded so as to present an alternative writ and judgment on a demurrer to the writ or the return, as the case may be.