ROBERT W. KIDD, PROSECUTOR, v. WILLIAM A. W. GRIER, PROSECUTOR OF THE PLEAS OF THE COUNTY OF SALEM; J. FORMAN SINNICKSON, JUDGE OF SALEM QUARTER SESSIONS COURT, AND THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF SALEM, RESPONDENTS.

Submitted February 1, 1932—Decided June 24, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *W. Orvyl Schalick.*

For the respondents, *Francis D. Weaver.*

Per Curiam.

The prosecutor of this writ of *certiorari* was duly appointed special officer or county detective by the prosecutor of the pleas of Salem county on December 4th, 1926, and he properly qualified, all pursuant to chapter 296 of laws of 1913; and it is stipulated that he "held such office" until his discharge therefrom in 1931.

He was discharged on June 18th, 1931, in the manner outlined by chapter 182 of laws of 1930.

On June 19th, 1931, his successor, J. Emmor Robinson, was appointed to such vacant office in the manner provided in the last mentioned statute, and immediately qualified and took possession of such office, and ever since has performed the duties thereof and received the compensation or salary provided therefor by law.

Several months later—on December 24th, 1931—the prosecutor of this writ applied for and obtained this writ of *certiorari,* and the respondents named therein contend that the prosecutor has mistaken his remedy, if any.

For reasons now to be stated, we think that is so.

The stipulation signed by counsel shows that the prosecutor was not in possession or occupancy of the office at the time he applied for his writ of *certiorari,* and was not seeking to remove from his way a proceeding which he apprehended might be used unlawfully to eject him or disturb him in the tenure of his office, for which purpose *certiorari* would have been the proper remedy. *Moore* v. *Bradley Beach,* 87 *N. J. L.* 391; 94 *Atl. Rep.* 316. On the contrary the facts show that he claimed the right and title to the office from which he had been ousted, and which office was then occupied by another, and so we are of the opinion that his proper remedy was by *quo warranto* and not by *certiorari.* That was pointed out with some care in Moore *v.* Bradley Beach. Under the the present procedure the present occupant of the office, and who would be most vitally affected by the judgment of the court in this suit is not before the court, because he is not a party to this proceeding, although he is now receiving and has received since June 19th, 1931, the date of his appoint-

ment, the compensation fixed and paid by the board of chosen freeholders of Salem county. That he is holding an "office" we think is clear. It seems not only to be recognized as an "office" by the stipulation, but is well within the definition of "office" as found in *Fredericks* v. *Board of Health*, 82 *N. J. L.* 200; 82 *Atl. Rep.* 528.

In such situation we cannot properly, in this proceeding, determine the questions sought to be raised, namely, the validity of the discharge of the prosecutor (an exempt fireman) without a hearing, and the applicability of chapter 182 of laws of 1930 to the prosecutor in view of his appointment in 1926 prior to the passage of that statute.

The writ of *certiorari* will be dismissed, with costs.