THE STATE OF NEW JERSEY, EX REL. WILLIAM KIN-NARD, RELATOR, v. OTTO GEILER, FRANK B. DROUGH-MAN, JOSEPH McDEVITT AND BOROUGH OF SEASIDE HEIGHTS, A MUNICIPAL CORPORATION, DEFEND-ANTS.

Submitted October term, 1936—Decided December 22, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the relator, *Ward Kremer* and *Albert Kushinsky*.

For the defendants, *Percy Camp*.

The opinion of the court was delivered by

CASE, J.   The matter is before us on rule to show cause why an information in the nature of a writ of *quo warranto* should not issue.   The individual defendants are called upon to establish the authority by which they claim office as police officers or marshals in the police department of the borough of Seaside Heights.   The action against the borough is aimed at the collection by relator of compensation for the period of his allegedly unlawful ouster from service in the department.

It appears, without dispute, that the mayor and council of the borough of Seaside Heights followed the practice of annually at the organization meeting in January, appointing the town marshals for a period of one year and, if they chose, engaging a new officer in the place of one whose appointive term had expired, a practice in which, however contrary to tenure rights, the persons concerned uniformly acquiesced except as hereinafter mentioned.

In the proceedings of the mayor and council the words "marshal" and "police officer" seem to have been used interchangeably without distinctive significance; and, in so far as the present issues are concerned, we shall consider that there is no distinction.   *Moore* v. *Borough of Bradley Beach,* 87 *N. J. L.* 391;  94 *Atl. Rep.* 316.

William Kinnard had been employed by annual appointment as one of the two borough marshals for several years preceding, and until, January 1st, 1934.   At the organization meeting of the borough council on the last mentioned date neither Kinnard nor his associate was reappointed.   The appointees were Otto Geiler and Frank B. Droughman. There was, further, an appointment of Peter Zisgen for part time service.   Kinnard, without objection, immediately surrendered his police equipment.   He acquiesced fully in the

termination of his employment and raised no question regarding his right to the office of marshal or his right to compensation. The year passed with no incident related to the issues.

At the organization meeting of the mayor and council, January 1st, 1935, the mayor announced for reappointment the names of the 1934 marshals. There was no confirmation by the borough council, but the marshals nevertheless continued to serve. At the end of thirty days, assuming to act under the statutory provision (*Pamph. L.* 1922, *ch.* 141, *p.* 248; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 168, § 24-3) that failing an appointment by the mayor within thirty days after a vacancy, or failing confirmation by the council for a like period of an appointment made by the mayor, the council shall have power to make the appointment, the borough council, on February 2d, 1935, appointed William Kinnard, William Brooks and Peter Zisgen as borough marshals for the balance of the year 1935. There had never been more than two full time marshals, and the budget for the then current year included appropriations for only that number. At that time the borough was without the services of an attorney, but shortly thereafter an attorney was employed, and he advised that Geiler and Droughman, the marshals who had been appointed in January of 1934, were, because of statutory tenure, still in office. The legal opinion was rendered February 23d, 1935, and the council immediately, and unanimously, by the whole membership except one absentee, adopted the following resolution: "Be it resolved that Peter Zisgen, William Kinnard and J. William Brooks be dismissed as marshals of the borough of Seaside Heights since they are not needed and their dismissal is necessary for economy, as soon as their present shift is over." Accordingly, Kinnard, having been in service twelve working days, handed in such of his equipment as belonged to the borough and quit; and presumably the other two did likewise.

Early in April, 1935, Geiler, one of the two tenure members, was put under charges, and on April 26th, after hearing, was removed. The mayor, threatened by Geiler with a court review of the discharge, made temporary appointment, subject to removal by the mayor and council, of Joseph McDevitt.

When the depositions were taken (June, 1935) on the instant rule the force continued to consist of Droughman, full time marshal, and McDevitt, temporary appointee; and this leads us to observe that with the rule, by its terms, returnable before this court at the October term, 1935, and a record complete months prior to that time, no reason is given or appears why a full year should have elapsed before the matter was presented to us for determination.

On the 20th day of May, 1935, Kinnard instituted the proceedings that are now before us; and not until then did he dispute the legality of the termination of his employment on January 1st, 1934, or assert any rights incident thereto.

Had Kinnard made timely effort following the termination of his employment in January, 1934, it seems that he could have established his claim to tenure. For it is settled that under chapter 43, *Pamph. L.* 1913, borough marshals had (*Moore* v. *Borough of Bradley Beach, supra*), and that under section 3, article XVI, chapter 152, *Pamph. L.* 1917, *p.* 359; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2153, § *136-1603 (the Home Rule act), these officers still have (*Sprague* v. *Seaside Park,* 9 *N. J. Mis. R.* 305; 153 *Atl. Rep.* 641; *affirmed,* 109 *N. J. L.* 347; 162 *Atl. Rep.* 582), tenure of office subject to discharge for cause, on charges and after hearing, and subject, also, to dismissal for economic reasons. *Harcher* v. *Hurley,* 116 *N. J. L.* 18; 181 *Atl. Rep.* 309; *Donovan* v. *Board, &c., Bayonne,* 12 *N. J. Mis. R.* 792; 175 *Atl. Rep.* 143.

For thirteen months following the action of January, 1934, Kinnard, so far as the borough and its police arrangements were concerned, remained completely out of view; and the instant proceeding was not initiated for a further period of three months, a delay of one year and four months. Meantime, another had been appointed in Kinnard's place, had performed police duty, had been paid for his services. *O'Leary* v. *Common Council of South Amboy,* 8 *N. J. Mis. R.* 559; 151 *Atl. Rep.* 53. Kinnard's inaction and apparent assent over that period is clearly one of *laches* which, in our opinion, bars the relator from any claim based upon tenure as of that time. *Drill* v. *Bowden,* 4 *N. J. Mis. R.* 326; 132 *Atl. Rep.* 499. By January, 1935, the tenure of Geiler and Droughman

had become established and therefore these officers retained their position, regardless of the action of the mayor in appointing anew and of the council's action or lack of action in confirming or failing so to do. No reason appears why a writ should issue against either Droughman or Geiler.

It is shown, satisfactorily to us, that the council, in appointing Kinnard and his two mates, had no intention of increasing the number of town marshals to five. No appropriation or other provision had been made for a force of that size. The action was upon the supposition that there were no other members then in the department and was comparable to the situation the year before when two regular members were appointed with Zisgen as a third to act when needed. It is open to question, and we do not now decide, whether the presence of the new men on the force for a brief period of thirteen working days because of a mistake by members of council in their understanding of the law, quickly corrected, brings into play either the tenure statute or the act of 1933, *infra*. The dismissals of February 23d were not due to political or other partisan preference. The councilmen who had made the appointment were the ones who, discovering that the marshals of the preceding year were retained by law, voted without dissent to dismiss.

This leaves Kinnard in the assertion of his title to office depending solely upon the vacancy left by the removal of Geiler in April, 1935, and the application thereto of chapter 148, *Pamph. L.* 1933, which provides that "when the governing body of any municipality in this state shall, for reasons of economy, decrease the number of policemen or firemen in such municipality they shall proceed in the following manner: In the event that any policeman or fireman is removed from the department in which he is employed, such policeman or fireman shall be carried on a special list and in the event that any new appointments are made to such department, the policeman or fireman so removed shall first be appointed thereto, before any other person is appointed." Even if the mayor and council were under the duty, on filling the vacancy caused by the removal of Geiler, of reinstating one of the three marshals who had been employed in February, 1935,

and shortly thereafter dismissed, Kinnard's claim for reinstatement is not superior to that of either of his two associates. The right of making a selection lies with the appointing authority. *Quo warranto* is not appropriate to compel performance of that duty.

We have next to consider whether the mayor, with confirmation by the council, had authority, on Geiler's removal, to name McDevitt as temporary marshal. We conclude that he had. The need for immediate and continuous police protection and also for a reasonable opportunity (assuming the 1933 statute, *supra,* to be fully applicable) to make a selective choice from among the three eligible men on the preferred list created such an emergency as was within the provision of the Home Rule act, article XVI, section 3, 2 *Cum. Supp. Comp. Stat.,* § *136-1603: "it shall be lawful for the * * * person * * * having authority to employ members of the police department * * * to employ officers or men temporarily in case of emergency * * *." See, also, *Siebke* v. *Township Committee of Chester,* 4 *N. J. Mis. R.* 226; 132 *Atl. Rep.* 341. Only a few weeks—less than four—had elapsed between the taking on of McDevitt as a temporary officer and the institution of these proceedings.

The claim for compensation from the borough, standing by itself, is not properly before us.

We find that no pertinent question is in such doubt as to justify the continuance of the proceedings.

Leave to file the information is denied. The rule will be dismissed, with costs.