MICHAEL O'CONNOR, PROSECUTOR, v. HORACE K. ROBERSON, DIRECTOR OF REVENUE AND FINANCE OF BAYONNE, DEFENDANT.

Submitted May 2, 1939—Decided October 11, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Spaulding Frazer*.

For the defendant, *William Rubin*.

PER CURIAM.

This case is similar, except in one respect to be presently noticed, to the case of *Dooley* v. *Roberson,* of the present term, the decision in which is reported in 123 *N. J. L.* 51. As in that case, the prosecutor at the time of his discharge, which he claims to have been unlawful, was an exempt fireman and claims the benefits of chapter 385 of *Pamph. L.* 1938, cited in the Dooley case, if he was within the purview of that statute.

The argument on behalf of the defendant is substantially this : that the prosecutor held neither an office nor a position, but was a mere employe, and that such cases as *Margerum* v. *Princeton,* 120 *N. J. L.* 36, cited in the brief are controlling. Those cases, however, related to a statute which did not by its text include mere employments, but was confined to offices and positions. The distinction is pointed out in the oft cited case of *Fredericks* v. *Board of Health,* 82 *N. J. L.* 200; 82 *Atl. Rep.* 528. The body of the act of 1938, the relevant language of which is quoted in *Dooley* v. *Roberson, supra,*

does include employments as well as offices and positions, and in this respect differs from the previous legislation; but as has been pointed out in the very recent case of *Joyce* v. *Price*, 123 *N. J. L.* 171, this inclusion is ineffective because of the failure to include employments in the title of the act. It follows, therefore, that while the case of the present prosecutor is within the body of the act of 1938, it is not within the title, and the body being ineffective with regard to employments for the reason already mentioned, the prosecutor was not entitled to have charges preferred against him and a hearing had thereon as a condition precedent to dismissal.

The writ of *certiorari* is therefore dismissed, but without costs, inasmuch as the language of the statute reasonably justified the application for the writ.